1  **Marquis Aurbach Coffing**
   Phillip S. Aurbach, Esq.
2  Nevada Bar No. 1501
   Candice E. Renka, Esq.
3  Nevada Bar No. 11447
   10001 Park Run Drive
4  Las Vegas, Nevada 89145
   Telephone: (702) 382-0711
5  Facsimile: (702) 382-5816
   paurbach@maclaw.com
6  crenka@maclaw.com
   Attorneys for Plaintiffs
7

8                    **DISTRICT COURT**

9               **CLARK COUNTY, NEVADA**

10 JEREMY BAUMAN, individually and on behalf
   of all persons similarly situated,

11                                      Case No.:    A-14-702332-C
                                        Dept. No.:   XIV
12                      Plaintiffs,
        vs.
13
   V THEATER GROUP, LLC; SAXE
14 MANAGEMENT, LLC; DAVID SAXE;
   DOES I through X, inclusive; and ROE
15 CORPORATIONS I through X, inclusive,
16
17                      Defendants.

18                **SUMMONS - CIVIL**

19 **NOTICE!  YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU
   WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS.**
20 **READ THE INFORMATION BELOW.**

21                **V THEATER GROUP, LLC**

22     **TO THE DEFENDANT(S):** A civil Complaint has been filed by the Plaintiff(s) against

23 you for the relief set forth in the Complaint.

24     1.    If you intend to defend this lawsuit, within 20 days after this Summons is served

25           on you, exclusive of the day of service, you must do the following:

26           (a)    File with the Clerk of this Court, whose address is shown below, a formal

27                  written response to the Complaint in accordance with the rules of the

28                  Court, with the appropriate filing fee.

                           Page 1 of 2

*MARQUIS AURBACH COFFING*
*10001 Park Run Drive*
*Las Vegas, Nevada 89145*
*(702) 382-0711 FAX: (702) 382-5816*

EXHIBIT A

(b)    Serve a copy of your response upon the attorney whose name and address is shown below.

2.    Unless you respond, your default will be entered upon application of the Plaintiff(s) and failure to so respond will result in a judgment of default against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3.    If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4.    The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators each have 45 days after service of this Summons within which to file an Answer or other responsive pleading to the Complaint.

STEVEN D. GRIERSON
CLERK OF COURT

By: _____
Deputy Clerk                                Date
Regional Justice Center
200 Lewis Avenue
Las Vegas, NV 89155

LISAMARIE VAQUERO

Issued at the direction of:

MARQUIS AURBACH COFFING

By _____
Phillip S. Aurbach, Esq.
Nevada Bar No. 1501
Candice E. Renka, Esq.
Nevada Bar No. 11447
10001 Park Run Drive
Las Vegas, Nevada  89145
Attorney(s) for Plaintiffs

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

Page 2 of 2

MAC: 2253161_1 6/12/2014 2:43 PM

CIVIL COVER SHEET

A-14-702332-C
XIV

Clark County, Nevada
Case No. _____
*(Assigned by Clerk's Office)*

## I. Party Information

| Plaintiff(s) (name/address/phone): | Defendant(s) (name/address/phone): |
|---|---|
| JEREMY BAUMAN | V THEATER GROUP, LLC; SAXE MANAGEMENT, LLC; DAVID SAXE; DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive |
| Attorney (name/address/phone): Phillip S. Aurbach, Esq. (NV Bar No. 1501) Marquis Aurbach Coffing 10001 Park Run Drive Las Vegas, NV 89145 (702) 382-0711 | Attorney (name/address/phone): |

## II. Nature of Controversy (Please check applicable bold category and applicable subcategory, if appropriate)

☐ Arbitration Requested

### Civil Cases

| Real Property | Torts |
|---|---|
| **Real Property** | **Negligence** / **Torts** |
| ☐ Landlord/Tenant | ☐ Negligence – Auto |
| ☐ Unlawful Detainer | ☐ Negligence – Medical/Dental |
| ☐ Title to Property | ☐ Negligence – Premises Liability (Slip/Fall) |
| ☐ Foreclosure | ☐ Negligence – Other |
| ☐ Liens | |
| ☐ Quiet Title | ☐ **Product Liability** |
| ☐ Specific Performance | ☐ Product Liability/Motor Vehicle |
| ☐ Condemnation/Eminent Domain | ☐ Other Torts/Product Liability |
| ☐ Other Real Property | ☐ **Intentional Misconduct** |
| ☐ Partition | ☐ Torts/Defamation (Libel/Slander) |
| ☐ Planning/Zoning | ☐ Interfere with Contract Rights |
| | ☐ **Employment Torts** (Wrongful termination) |
| | ☐ **Other Torts** |
| | ☐ Anti-trust |
| | ☐ Fraud/Misrepresentation |
| | ☐ Insurance |
| | ☐ Legal Tort |
| | ☐ Unfair Competition |

| Probate | Other Civil Filing Types |
|---|---|
| **Probate** | **Other Civil Filing Types** |
| Estimated Estate Value: _____ | ☐ **Construction Defect** |
| | ☐ Chapter 40 |
| ☐ Summary Administration | ☐ General |
| ☐ General Administration | ☐ **Breach of Contract** |
| ☐ Special Administration | ☐ Building & Construction |
| ☐ Set Aside Estates | ☐ Insurance Carrier |
| ☐ Trust/Conservatorships | ☐ Commercial Instrument |
| ☐ Individual Trustee | ☐ Other Contracts/Acct/Judgment |
| ☐ Corporate Trustee | ☐ Collection of Actions |
| ☐ Other Probate | ☐ Employment Contract |
| | ☐ Guarantee |
| | ☐ Sale Contract |
| | ☐ Uniform Commercial Code |
| | ☐ **Civil Petition for Judicial Review** |
| | ☐ Foreclosure Mediation |
| | ☐ Other Administrative Law |
| | ☐ Department of Motor Vehicles |
| | ☐ Worker's Compensation Appeal |

Other Civil Filing Types (right column):
☐ **Appeal from Lower Court** *(also check applicable civil case box)*
☐ Transfer from Justice Court
☐ Justice Court Civil Appeal
☐ **Civil Writ**
☒ Other Special Proceeding
☒ **Other Civil Filing**
☐ Compromise of Minor's Claim
☐ Conversion of Property
☐ Damage to Property
☐ Employment Security
☐ Enforcement of Judgment
☐ Foreign Judgment – Civil
☐ Other Personal Property
☐ Recovery of Property
☐ Stockholder Suit
☒ Other Civil Matters

## III. Business Court Requested (Please check applicable category; *for Clark or Washoe Counties only.*)

| | | |
|---|---|---|
| ☐ NRS Chapters 78-88 | ☐ Investments (NRS 104 Art. 8) | ☐ Enhanced Case Mgmt/Business |
| ☐ Commodities (NRS 90) | ☐ Deceptive Trade Practices (NRS 598) | ☐ Other Business Court Matters |
| ☐ Securities (NRS 90) | ☐ Trademarks (NRS 600A) | |

6/12/14
Date

*Signature*
Signature of initiating party or representative

Electronically Filed
06/12/2014 10:22:00 AM

*[signature]*

CLERK OF THE COURT

1  **Marquis Aurbach Coffing**
   PHILLIP S. AURBACH, ESQ.
2  Nevada Bar No. 1501
   CANDICE E. RENKA, ESQ.
3  Nevada Bar No. 11774
   10001 Park Run Drive
4  Las Vegas, Nevada 89145
   Telephone: (702) 382-0711
5  Facsimile: (702) 856-8943
   paurbach@maclaw.com
6  crenka@maclaw.com
       Attorneys for Plaintiffs
7

8                                  **DISTRICT COURT**

9                            **CLARK COUNTY, NEVADA**

10  JEREMY BAUMAN, individually and on behalf
    of all persons similarly situated,           Case No.: A-14-702332-C
11                                                Dept. No.:   XIV
                          Plaintiffs,
12                                                **CLASS ACTION COMPLAINT**
        vs.
13
    V THEATER GROUP, LLC; SAXE
14  MANAGEMENT, LLC; DAVID SAXE;
    DOES I through X, inclusive; and ROE          **EXEMPT FROM ARBITRATION:**
15  CORPORATIONS I through X, inclusive,                   **Class Action**
                                                    **Injunctive Relief Sought**
16                        Defendants.

17         Plaintiff JEREMY BAUMAN ("Plaintiff") brings this class action on behalf of himself

18  and all similarly situated persons (collectively "Plaintiffs"). This class action is filed against

19  Defendants V THEATER GROUP, LLC; SAXE MANAGEMENT, LLC; DAVID SAXE;

20  DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive. All of these

21  Defendants are referenced in this complaint collectively as "Defendants".

22                              **NATURE OF THE ACTION**

23         1.      This is a proposed class action brought on behalf of persons that were sent text

24  message advertisements by Defendants.

25         2.      Plaintiffs allege that Defendants used an automated telephone dialing system

26  ("ATDS") to send text message advertisements to Plaintiffs in violation of the Telephone

27  Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227, and the Nevada Deceptive Trade

28

M&A:13700-001 iManage_2251647_4 6/12/2014 10:17 AM

1  Practices Act, ("NVDTPA"), NRS Chapter 598. Moreover, a violation of the TCPA is a *per se*

2  violation of the NVDTPA. NRS 598.023(3).

3      3.   Plaintiff brings this action in his individual capacity and on behalf of the classes

4  of persons similarly situated as defined below.

5                                    **THE PARTIES**

6      4.   Plaintiff is an individual person and consumer who resides in King County,

7  Washington.

8      5.   Plaintiff brings this action on behalf of himself and all persons similarly situated.

9      6.   Upon information and belief, Defendant V THEATER GROUP, LLC is and was

10  at all relevant times a domestic entity domiciled and doing business in Clark County, Nevada.

11      7.   Upon information and belief, Defendant SAXE MANAGEMENT, LLC is and

12  was at all relevant times a domestic entity domiciled and doing business in Clark County,

13  Nevada.

14      8.   Upon information and belief, Plaintiff alleges that Defendant DAVID SAXE is

15  and was at all relevant times an individual domiciled and doing business in Clark County,

16  Nevada.

17      9.   The true names and capacities, whether individual, corporation, associate, or

18  otherwise of the Defendants named herein as ROE Corporations I through X and DOES I

19  through X, inclusive, are unknown to Plaintiff at this time. Plaintiff sues these Defendants by

20  fictitious names and will ask leave of the court to amend this Complaint to show the true names

21  and capacities of Defendants when they are identified.

22      10.  Defendants are sued as principals or else agents of the principal Defendants.

23  Based upon information and belief, Plaintiff alleges that all of the acts performed by agent

24  defendants were performed within the course and scope of the actual or ostensible authority of

25  the principal defendants, and the principal defendants ratified all of the acts of their agents.

26      11.  Based upon information and belief, Plaintiff alleges that each of the Defendants is

27  legally responsible in some manner for the events and happenings referred to in this complaint

28

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

M&A:13700-001 iMessage_2251647_4 6/12/2014 10:17 AM

and directly and proximately caused the damages and injuries to Plaintiff alleged in this complaint.

12.    Based upon information and belief, Plaintiff alleges that each of the Defendants had the right and ability to control all of the illegal conduct alleged in this complaint. Without the participation, authorization, approval, or ratification by each of the Defendants, the illegal conduct that is the subject matter of this complaint would not have occurred.

## JURISDICTION AND VENUE

13.    Nevada state courts have general jurisdiction over claims arising under the TCPA. Edwards v. Direct Access, LLC, 121 Nev. 929, 932, 124 P.3d 1158, 1160 (2005).

14.    Even if the damages under the TCPA do not meet the district court's jurisdictional threshold, if the plaintiff seeks injunctive relief, the injunctive relief claim triggers the district court's original jurisdiction over all claims.  Edwards v. Emperor's Garden Restaurant, 122 Nev. 317, 324, 130 P.3d 1280, 1284 (2006).

15.    Venue is proper in the Eighth Judicial District Court, Clark County, Nevada because Defendants conducted business in Clark County by sending Plaintiff unsolicited text messages, which were received by Plaintiff while in Clark County, Nevada.

## FACTUAL ALLEGATIONS

16.    Receiving a text message is a uniquely personal event. Each text message sent to a cellular telephone number delivers a message literally into the hands of the intended recipient. And telemarketers have found the potency of text messages to be irresistible. With the push of a single button, modern computers can deliver customized text messages directly to the cellular telephones of millions of consumers. To telemarketers, this is a powerful and efficient method of advertising, as most of the cost can be shifted to cellular telephone subscribers, all of whom must pay some form of fee to receive text messages. And the message can be assured of being seen by consumers because text messages generally remain on a cellular telephone until the consumer looks at the text message and takes affirmative steps to delete it. No other form of advertisement can duplicate the ability of text messages to deliver advertisements into the hands of consumers. For this reason, text message advertisements sent without prior express consent

Page 3 of 12

M&A:13700-001 iManage_2251647_4 6/12/2014 10:17 AM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382 0711 FAX: (702) 382-5816

1    can be a violation of consumers' privacy. This is why federal and state law restricts the use of

2    automated telephone dialing equipment to transmit uninvited text messages.

3         17.    In April 2014, Defendants sent multiple text messages to the cellular telephone

4    number of Plaintiff.

5         18.    Plaintiff received at least three of these text messages.

6         19.    On or about April 15, 2014, Defendants sent a text message to Plaintiff's cellular

7    telephone number that stated,

8                          You are seeing Comedy
9                          Pet Theater tonight! Add
                           VIP Seating or Dinner to
10                         your show by calling
                           1-866-932-1818.

11        20.    While in Nevada, Plaintiff received this text message on his cellular telephone on

12   or about April 15, 2014.

13        21.    On or about April 15, 2014, Defendants sent a text message to Plaintiff's cellular

14   telephone number that stated,

15                         We hope you enjoyed
16                         Comedy Pet Theater. See
                           another show for 50% off.
17                         USE PROMOCODE –
                           EMAILDEAL upon
18                         Checkout at
                           www.vtheaterboxoffice.com

19        22.    While in Nevada, Plaintiff received this text message on his cellular telephone on

20   or about April 15, 2014.

21        23.    On or about April 16, 2014, Defendants sent a text message to Plaintiff's cellular

22   telephone number that stated,

23                         Exclusive Deal! See Vegas!
24                         The Show for only $40.
                           Call 1-866-932-1818 ask
25                         for the inclusive Email/Text
                           $40 Vegas Deal

26        24.    While in Nevada, Plaintiff received this text message on his cellular telephone on

27   or about April 16, 2014.

28

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

Page 4 of 12

M&A:13700-091 iManage_2251647_4 6/12/2014 10:17 AM

25. Each of these text messages promoted the sale of goods or services of one or more Defendants to Plaintiff.

26. Each of these text messages were advertisements that were transmitted directly from Defendants' transmission equipment to Plaintiff's cellular telephone.

27. These text messages and other similar text messages were sent by Defendants to numerous consumers.

28. Defendants sent numerous promotional text messages to consumers.

29. In order to send so many text messages to Plaintiff and consumers like him, Defendants had to employ automated telephone dialing equipment as defined by the TCPA.

30. The transmission equipment used by Defendants to send text messages to Plaintiff and other consumers had the capacity to store lists of telephone numbers and to dial telephone numbers from such lists in an automated manner.

31. The text message advertisements sent by Defendants would not have been cost-effective for Defendants to send if Defendants had employed humans to draft each text message and to dial the telephone number of Plaintiff or other consumers to whom Defendants sent their promotional text messages.

32. Defendants did not have any prior consent from Plaintiff to send him these or any other text messages on his cellular telephone.

33. Defendants did not obtain prior express consent from anyone to whom they sent text message advertisements.

34. Defendants' transmission of text message advertisements to Plaintiff's cellular telephone violated Plaintiff's privacy and injured Plaintiff in his quiet use and enjoyment of his cellular telephone.

35. All of Defendants' text message transmissions were initiated or otherwise facilitated in Nevada by the Defendants.

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

M&A:13700-001 iManage_2251647_4 6/12/2014 10:17 AM

## CLASS ALLEGATIONS

36.    Plaintiff brings this class action on behalf of himself and as representative of the following class of persons (the "Class") entitled to injunctive relief or declaratory relief under federal or state law:

> All persons who reside in the United States or its territories and whose cellular telephone numbers are in the possession, custody, or control of a Defendant.

37.    The Class includes numerous persons, *i.e.*, Class Members.

38.    Plaintiff brings this class action on behalf of himself and as representative of the following class of persons (the "Subclass") entitled to injunctive relief, declaratory relief, and incidental statutory damages under federal and state law:

> All persons who reside in the United States or its territories and whose cellular telephone numbers were sent a telemarketing text message by a Defendant.

39.    The Subclass includes numerous persons, *i.e.*, Subclass Members.

40.    Plaintiffs' claims satisfy the numerosity, commonality, typicality, adequacy of representation and superiority requirements for class action certification pursuant to NRCP 23 as referenced in this complaint and in accord with proof.

41.    Defendant possesses personal data, including names and contact information, for Class Members.

42.    Defendant possesses personal data, including names and contact information, for Subclass Members.

43.    Joinder of the numerous Plaintiffs in to an action is impracticable. In fact, given the number of Plaintiffs, the only way to deliver substantial justice to all members of the Plaintiffs is by means of a single class action.

44.    There are questions of fact and law common to Plaintiffs. These common questions predominate over any questions affecting only individual members. The questions of law and fact common to the class arising from Defendants' conduct include, without limitation, the following:

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

M&A:13706-001 iManage_2251647_4 6/12/2014 10:17 AM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

a.   Does giving a cellular telephone number to a business constitute prior express consent for that business to send text message advertisements to that cellular telephone number?

b.   Did Defendants use an ATDS to send their text messages to Class Members or Subclass Members?

c.   Are the text messages sent by Defendants telemarketing?

d.   Do Defendants negligently, knowingly, and/or willfully cause violations of federal or state law by sending their text messages to Class Members or Subclass Members?

e.   What are the statutory damages that Defendants must pay for each of the uninvited text messages sent to the Class Members or Subclass Members?

f.   Are Class Members or Subclass Members entitled to collect pre-judgment interest on the incidental statutory damages which are now due from Defendants?

g.   Are any of the Defendants vicariously liable under any theory of vicarious liable for illegal actions of any other Defendant alleged in this complaint?

45.   The questions referenced above, and other questions like them, predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of claims of all Class Members and Subclass Members.

46.   Plaintiff's claims are typical of those of the other Plaintiffs in that Defendants have his cellular telephone number and that he was injured by the same sending of unsolicited text messages by Defendants' ATDS, which has injured or else will injure other Plaintiffs. The text messages which Plaintiff received in April 2014 are typical of the text messages that Defendants have sent and continue to send to other Plaintiffs.

47.   A class action is the appropriate method for the fair and efficient adjudication of this controversy. Defendants have acted in a general manner as part of a systemic process to the injury and damage of Plaintiffs. Defendants continue this same conduct which puts other

M&A:13700-001 iMmage_2251647_4 6/12/2014 10:17 AM

1    Plaintiffs at undue risk of injury in the future. The presentation of separate actions by individual
2    Plaintiffs could create a risk of inconsistent and varying adjudications, establish incompatible
3    standards of conduct for Defendants or substantially impair or impede the ability of Class
4    Members and Subclass Members to protect their interests.

5         48.    Plaintiff is an adequate representative of Plaintiffs because he is a member of the
6    Class and Subclass and his interests do not conflict with the interests of Class Members or
7    Subclass Members he seeks to represent. The interests of Plaintiffs will be fairly and adequately
8    protected by Plaintiff. Also, Plaintiff is represented by counsel with significant experience
9    representing clients in complex class action litigation.

10        49.    Maintenance of this action as a class action is a fair and efficient method for the
11   adjudication of this controversy. It would be impractical and undesirable for each of the
12   numerous persons who comprise the Class or Subclass to bring separate actions. The
13   maintenance of such separate actions would place a substantial and unnecessary burden on the
14   courts and could result in inconsistent adjudications, while a single class action can determine,
15   with judicial economy, the rights of all Class Members and Subclass Members. Defendants have
16   records which should help the Court determine the identity of all Class Members and Subclass
17   Members and how much in incidental statutory damages each of them are entitled to recover
18   from Defendants.

19        50.    If this action is not certified as a class action, then given the number of Class
20   Members and Subclass Members, the only way that the court system will not be overburdened by
21   a multiplicity of suits over the subject matter of this complaint is if members of the Class or
22   Subclass cannot or do not pursue an action against Defendants for reasons altogether unrelated to
23   the merits of their claims (*e.g.*, challenges in accessing legal counsel, the mundane realities of
24   surviving in a challenging economy, *et cetera*). Most Class Members and Subclass Members can
25   obtain legal representation for their claims only through a class action. The only practical way to
26   ensure that all members of the class are afforded an opportunity to obtain substantial justice with
27   regard to the wrongs and injuries to which Defendants have inflicted or else will inflict upon
28   them is to resolve the subject matter of this complaint through a class action.

M&A:13700-001 iManage_2251647_4 6/12/2014 10:17 AM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

## FIRST CLAIM FOR RELIEF

### (Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227)

51.     Plaintiffs repeat, re-allege and incorporate by reference each and every allegation contained above, inclusive, as if fully set forth herein.

52.     At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the TCPA, 47 U.S.C. § 227.

53.     Negligently, knowingly, and/or willfully, Defendants engaged in acts, omissions, or other conduct as referenced herein this complaint that violates the TCPA. Defendants used an ATDS to initiate thousands of unsolicited telephone calls to Plaintiffs' cellular telephone numbers. These telephone calls delivered unsolicited commercial text messages to the cellular telephones of Representative Plaintiff and the other Plaintiffs as referenced in this complaint.

54.     Plaintiffs are entitled to recover $500 in damages from Defendant for each violation of the TCPA and treble damages for each knowing or willful violation of the TCPA.

55.     Additionally, Plaintiffs are entitled to all damages referenced herein and in accord with proof, attorneys' fees, costs, treble damages, and other remedies allowed by statute.

56.     Defendants will continue their unlawful conduct in the future absent (a) a judicial declaration which clearly states the illegality of their conduct and (b) an injunction barring Defendants from engaging in such illegal conduct in the future.

## SECOND CLAIM FOR RELIEF

### (Violations of the Nevada Deceptive Trade Practices Act, NRS Chapter 598)

57.     Plaintiffs repeat, re-allege and incorporate by reference each and every allegation contained above, inclusive, as if fully set forth herein.

58.     Defendants, during the course of their business or occupation, knowingly violated the TCPA, which is a statute relating to the sale or lease of goods or services.  NRS 41.600; NRS 598.0923(3).

59.     Defendants engaged in a deceptive and otherwise unlawful trade practice.

60.     As a direct and proximate result of Defendants' deceptive and illegal trade practice, Plaintiffs have suffered damages in an amount to be proven at trial.

M&A:13700-001 iManage_2251647_4 6/12/2014 10:17 AM

61.   Plaintiffs are victims of consumer fraud and are therefore entitled to damages as well as attorney fees and costs.  NRS 41.600.

### THIRD CLAIM FOR RELIEF

### (Declaratory Relief)

62.   Plaintiffs repeat, re-allege and incorporate by reference each and every allegation contained above, inclusive, as if fully set forth herein.

63.   A justiciable controversy exists between Plaintiffs and Defendants regarding the Defendants' practice of using Plaintiffs' cellular telephone numbers for the illegal transmission of text messages to Plaintiffs.

64.   The interests of the parties are adverse.

65.   Plaintiffs have a legally protectable interest in the controversy in defending their rights under the TCPA and the NVDTPA.

66.   The issues are ripe for judicial determination.

67.   This Court should declare that Defendants failed to obtain prior express consent to send text messages to Plaintiffs.

68.   This Court should declare that the subject text messages were telemarketing sent by Defendants to Plaintiffs.

69.   This Court should declare that the equipment used by Defendants to send text messages to Plaintiffs was an automated telephone dialing system as defined by the TCPA.

70.   This Court should declare that Defendants violated the privacy of Plaintiffs by sending the subject text messages.

71.   This Court should declare that Defendants' transmission of the subject text messages impaired the quiet use and enjoyment by Plaintiffs of their cellular telephones.

72.   This Court should declare that Defendants committed an unlawful trade practice under NRS Chapter 598 by sending the subject text messages to Plaintiffs.

73.   This Court should declare that each of the Defendants is liable for the unlawful acts alleged in this complaint.

Page 10 of 12

M&A:13700-001 iManage_2251647_s 6/12/2014 10:17 AM

74.   This Court should declare that the Defendants willfully of violated federal and state law by sending the subject text messages to Plaintiffs.

75.   This Court should declare that, based upon the Defendants' violation of federal and Nevada law, Plaintiffs are entitled to $500 damages per text message sent, treble damages for each text message sent, injunctive relief, attorney fees, and costs.

76.   It has become necessary for Plaintiffs to engage the services of an attorney to prosecute this action; therefore, Plaintiffs are entitled to costs and attorney fees as special damages.

### FOURTH CLAIM FOR RELIEF

### (Attorney Fees as Special Damages)

77.   Plaintiffs repeat, re-allege and incorporate by reference each and every allegation contained above, inclusive, as if fully set forth herein.

78.   It has been necessary for Plaintiffs to retain the services of attorneys in order to prosecute this action and, therefore, Plaintiffs are entitled to an award of reasonable attorney fees and costs incurred herein as special damages.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in favor of Plaintiffs and against Defendant as follows:

1.   Certification of the Class and Subclass pursuant to NRCP 23;

2.   Granting extraordinary, equitable, and injunctive relief as permitted by law to ensure that Defendants will stop their unlawful practices;

3.   Judgment in the amount of $500 in incidental damages that Plaintiffs are entitled to recover from Defendants for each of their violations of the TCPA;

4.   Judgment for treble damages for Plaintiffs as provided by law;

5.   A Declaration that Defendants failed to obtain prior express consent to send text messages to Plaintiff or the Class Members;

6.   A Declaration that the subject text messages were telemarketing sent by Defendants to Plaintiffs;

Page 11 of 12

M&A:13700-001 iManage_2251647_4 6/12/2014 10:17 AM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

7.     A Declaration that that the equipment used by Defendants to send text messages to Plaintiffs was an automated telephone dialing system as defined by the TCPA;

8.     A Declaration that Defendants violated the privacy of Plaintiffs by sending the subject text messages;

9.     A Declaration that Defendants' transmission of the subject text messages impaired the quiet use and enjoyment by Plaintiffs of their cellular telephones;

10.     A Declaration that Defendants committed an unlawful trade practice under NRS Chapter 598 by sending the subject text messages to Plaintiffs;

11.     A Declaration that each of the Defendants is liable for the unlawful acts alleged in this complaint;

12.     A Declaration that the Defendants willfully of violated federal and state law by sending the subject text messages to Plaintiffs;

13.     A reasonable incentive award for Plaintiff in accord with the Court's assessment of Plaintiff's contributions in advancing the interests of the Class Members;

14.     Judgment for fees and costs incurred in connection with this action, including reasonable attorney fees, expert witness fees, and other costs, as provided by law; and

15.     Granting such other and further relief as the Court deems just and proper.

Dated this 12th day of June 2014.

MARQUIS AURBACH COFFING

By /s / Candice E. Renka, Esq.
   Phillip S. Aurbach, Esq.
   Nevada Bar No. 1501
   Candice E. Renka, Esq.
   Nevada Bar No. 11447
   10001 Park Run Drive
   Las Vegas, Nevada 89145
   Attorneys for Plaintiffs

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

M&A:13700-001 iManage_2251647_4 6/12/2014 10:17 AM

Marquis Aurbach Coffing
Phillip S. Aurbach, Esq.
Nevada Bar No. 1501
Candice E. Renka, Esq.
Nevada Bar No. 11447
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
paurbach@maclaw.com
crenka@maclaw.com
Attorneys for Plaintiffs

DISTRICT COURT

CLARK COUNTY, NEVADA

JEREMY BAUMAN, individually and on behalf
of all persons similarly situated,

                    Plaintiffs,

vs.

V THEATER GROUP, LLC; SAXE
MANAGEMENT, LLC; DAVID SAXE;
DOES I through X, inclusive; and ROE
CORPORATIONS I through X, inclusive,

                    Defendants.

### INITIAL APPEARANCE FEE DISCLOSURE

Pursuant to NRS Chapter 19, as amended by Senate Bill 106, filing fees are submitted for

parties appearing in the above-entitled action as indicated below:

JEREMY BAUMAN ........................................................................................ $270.00

**TOTAL REMITTED** ..................................................................................... $270.00

Dated this 12th day of June, 2014.

MARQUIS AURBACH COFFING


By ___/s/ Candice E. Renka, Esq.___
    Phillip S. Aurbach, Esq.
    Nevada Bar No. 1501
    Candice E. Renka, Esq.
    Nevada Bar No. 11447
    10001 Park Run Drive
    Las Vegas, Nevada 89145
    Attorney(s) for Plaintiffs

Page 1 of 1

MAC: iManage_2252790_1 6/12/2014 10:18 AM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

Marquis Aurbach Coffing
Phillip S. Aurbach, Esq.
Nevada Bar No. 1501
Candice E. Renka, Esq.
Nevada Bar No. 11447
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
paurbach@maclaw.com
crenka@maclaw.com
Attorneys for Plaintiffs

## DISTRICT COURT

## CLARK COUNTY, NEVADA

JEREMY BAUMAN, individually and on behalf
of all persons similarly situated,

                              Plaintiffs,

vs.

V THEATER GROUP, LLC; SAXE
MANAGEMENT, LLC; DAVID SAXE;
DOES I through X, inclusive; and ROE
CORPORATIONS I through X, inclusive,

                              Defendants.

## NRCP RULE 7.1 DISCLOSURE STATEMENT

The undersigned counsel of record certifies that the following are persons and entities as described in NRCP 7.1, and must be disclosed. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

1.    Jeremy Bauman is an individual.

Dated this 12th day of June, 2014.

MARQUIS AURBACH COFFING

By    /s/ Candice E. Renka, Esq.
      Phillip S. Aurbach, Esq.
      Nevada Bar No. 1501
      Candice E. Renka, Esq.
      Nevada Bar No. 11447
      10001 Park Run Drive
      Las Vegas, Nevada 89145
      Attorney(s) for Plaintiffs

Page 1 of 1

MAC:tManage_2252800_1 6/12/2014 10:18 AM

Jeremy Bauman at Seattle, WA Address and Phone Number | Zabasearch.com          Page 1 of 1



