**Marquis Aurbach Coffing**
Phillip S. Aurbach, Esq.
Nevada Bar No. 1501
Candice E. Renka, Esq.
Nevada Bar No. 11447
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
paurbach@maclaw.com
crenka@maclaw.com

**Sound Justice Law Group, PLLC**
Albert H. Kirby, Esq.
Washington Bar No. 40187
936 N. 34th Street, Suite 300
Seattle, Washington 98103
Telephone: (206) 489-3210
ahkirby@soundjustice.com
*Pro Hac Vice Application Pending*

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JEREMY BAUMAN, individually and on behalf of all persons similarly situated,<br><br>                          Plaintiffs,<br>vs.<br><br>V THEATER GROUP, LLC; SAXE MANAGEMENT, LLC; DAVID SAXE; DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive,<br><br>                          Defendants. | Case No.:     2:14-cv-01125-RFB-PAL<br><br>District Court Case No.: A-14-702332-C<br>District Court Dept. No.: XIV |

### RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION DEMAND FOR SECURITY OF COSTS

Plaintiff Jeremy Bauman respectfully opposes Defendants' Motion for Demand for Security of Costs [Dct. #12]. This opposition is made and based upon the pleadings and papers on file, the following Memorandum of Points and Authorities, and any oral argument allowed by the Court at the time of the hearing on this matter.

MAC:13700-001 2307367_1 8/25/2014 3:54 PM

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION.

This case is here in federal court because Plaintiff Jeremy Bauman alleges that Defendants violated federal law. Specifically, Mr. Bauman alleges that Defendants violated the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, by sending him three unlawful automated text messages. Under the TCPA, Mr. Bauman can recover $500 for each of Defendants' three federal TCPA violations.[1] *See* 47 U.S.C. § 227(b)(3)(B). Mr. Bauman also can seek injunctive relief sufficient to make Defendants cease and desist their continuing violations of the federal TCPA. *Id.* at § 227(b)(3)(A).

Citing Nevada law, NRS 18.130, Defendants' Motion for Demand for Security of Costs ("Motion for Bond") seeks to deny Mr. Bauman access to this federal Court to enforce his federal statutory rights. Unless Mr. Bauman deposits $1,500 to cover Defendants' litigation costs, then the state law which the Defendants wish to enforce would deny Mr. Bauman access to this federal Court to recover the $500 in statutory damages he is owed for each of the three text messages sent to him by Defendants in violation of federal law.

Defendants fail to provide any memorandum of points and authorities to explain why NRS 18.130 can bar a plaintiff's access to a federal court to enforce a federal right. Under the local rules of this Court, this means that Defendants have consented to the denial of their Motion for Bond. Therefore, Mr. Bauman respectfully asks this federal Court to deny Defendants' Motion. In an abundance of caution and to avoid any possibility that this case could be dismissed for failure to post the bond, Mr. Bauman has, simultaneously with the filing of this Response, posted the bond with the Clerk of Court and request that upon the Court's denying Defendants' Motion that the bond be released to Plaintiff.[2]

---

[1] These statutory damages can be trebled if Mr. Bauman establishes that Defendants knowingly or willfully engaged in conduct that violates the TCPA. See 47 U.S.C. § 227(b)(3)(C).

[2] As of the date of filing this Response, the bond in the amount of $1,500 is in the process of being delivered by runner to the Clerk of Court. As soon as the receipt is received, Plaintiff will file a Notice of Posting Bond.

MAC:13700-001 2307367_1 8/25/2014 3:54 PM

## II. FACTUAL BACKGROUND.

On June 12, 2014, Mr. Bauman filed his complaint in Nevada state court. (Doc. #1-1.) In this complaint, Mr. Bauman seeks relief on behalf of himself and others against Defendants for their violations of the federal TCPA. (*Id.* at ¶¶ 1-3.) Mr. Bauman personally received at least three text messages from Defendants that violated the federal TCPA. (*Id.* at ¶¶ 16-25.)

On July 9, 2014, Defendants removed Mr. Bauman's complaint to this federal Court. (Doc. #1.) The sole substantiation for Defendants' removal petition was "that the case meets the requirements for Federal Jurisdiction under 29 USC 1331 by virtue of a federal question having been asserted." (*Id.* at 1-2.)

On August 6, 2014, Defendants filed a Motion for Demand for Security of Costs. (Doc. Text #12.) Defendants failed to include a memorandum of points and authorities to substantiate the legal bases for their motion. (Doc. # 12.)

In an abundance of caution and to eliminate any possibility of this case being dismissed for failure to post the bond, Plaintiff has simultaneously herewith posted the bond in the amount of $1,500. As of the date of filing this Response, the bond in the amount of $1,500 is in the process of being delivered by runner to the Clerk of Court. As soon as the receipt is received, Mr. Bauman will file a Notice of Posting Bond. Accordingly, Mr. Bauman requests that the Court deny Defendant's Motion for Bond and release the bond to Mr. Bauman.

## III. LEGAL ARGUMENT.

NRS 18.130 provides that foreign plaintiffs in Nevada state court may have their case dismissed unless they deposit at least $500 in security with the state court. However, Defendants offer no explanation as to why this state statute can be used to deny Mr. Bauman access to this federal Court to prosecute a federal claim. And Defendants offer no explanation as to why Mr. Bauman must tender $1,500 to the federal Court before he can attempt to recover $500 to $1,500 in statutory damages that is his right under the federal TCPA.

"The failure of a moving party to file points and authorities in support of the motion shall constitute a consent to the denial of the motion." LR 7-2(d). Having provided no points and authorities in support of their motion, Defendants have consented to the denial of their Motion.

MAC:13700-001 2307367_1 8/25/2014 3:54 PM

Therefore, Mr. Bauman respectfully requests that this federal Court deny Defendants' Motion for Bond.

In an abundance of caution, Mr. Bauman has, simultaneously with the filing of this Motion, submitted to the Clerk of Court a bond in the amount of $1,500 to prevent any dismissal of this case for failure to post the bond pursuant to NRS 18.130. Therefore, Mr. Bauman requests that the Court deny Defendants' Motion for Bond and release the bond to Mr. Bauman.

## IV. CONCLUSION.

With their motion, Defendants attempt to use a state law to deny Mr. Bauman access to this federal Court to claim a federal right simply because he is a United States citizen who lives in another state. The federal justice system does not work that way. *See* U.S. Const. Amend. XIV § 1 ("No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; [...] no deny to any person within its jurisdiction the equal protection of the laws."). And Defendants fail to provide any legal argument otherwise. Therefore, Mr. Bauman respectfully requests that Defendants' motion be denied and the bond released to Mr. Bauman.

Dated this 25 day of August 2014.

MARQUIS AURBACH COFFING

By  */s/ Candice E. Renka, Esq.*
Phillip S. Aurbach, Esq.
Nevada Bar No. 1501
Candice E. Renka, Esq.
Nevada Bar No. 11447
10001 Park Run Drive
Las Vegas, Nevada 89145

SOUND JUSTICE LAW GROUP, PLLC
Albert H. Kirby, Esq.
Washington Bar No. 40187
936 North 34th Street, Suite 300
Seattle, Washington 98103
*Pro Hac Vice Application Pending*

Attorneys for Plaintiff

MAC:13700-001 2307367_1 8/25/2014 3:54 PM

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of August 2014, I served a copy of the foregoing document(s) upon each of the parties via electronic service through the United States District Court for the District of Nevada's ECF system to the following:

Jeffrey Pitegoff, Esq.
Pitegoff Law Office
415 South Sixth Street, Suite 300
Las Vegas, Nevada 89101
*jpitegoff@lawpitegoff.com*
Attorney for Defendants

and that there is a regular communication by mail between the place of mailing and the place(s) so addressed.

_____
Julia Rodionova, an employee of
Marquis Aurbach Coffing

MAC:13700-001 2307367_1 8/25/2014 3:54 PM