UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JEREMY BAUMAN,

                                Plaintiff,

        v.

SAXE MANAGEMENT, LLC, et al.,

                                Defendants.

Case No. 2:14-cv-01125-RFB-PAL

ORDER

        The court conducted a hearing on December 8, 2015, on Defendants' Emergency Motion to Compel (Dkt. #89).    Candice Renka, Albert Kirby, Amanda Stevens and Matthew Mendelsohn appeared on behalf of Plaintiff.  Patrick Thompson, Joel Henriod, James Corning and Alexander Marks appeared on behalf of Defendants.  The court considered Defendants' Motion (Dkt. #89) and Declarations thereto (Dkt. ##91, 93), Plaintiff's Response (Dkt. #102) and Declaration thereto (Dkt. #103), and Defendants' Reply (Dkt. #115) as well as arguments from counsel at the hearing conducted December 8, 2015.

        The orally court ruled on the majority of the issues raised in the motion to compel at the hearing.  However, at the conclusion of the hearing, the court required counsel for Plaintiff to submit the agreements in dispute to the court for in camera review.  The Defendants claim the documents are privileged and not relevant to issues involved in this case.  Counsel for Plaintiff acknowledges that ordinarily, fee agreements are not protected by the attorney-client privilege. However, Plaintiff contends that disclosure of fee agreements concerning a pending case can be unduly intrusive and burdensome.  Plaintiff also maintains that in putative class actions like this one, attorney fee agreements are irrelevant until the end of the case.

        The attorney-client privilege protects confidential disclosures made by a client to an attorney to obtain legal advice and an attorney's advice in response to such disclosures.  *United*

*States v. Chen*, 99 F.3d 1495, 1501 (9th Cir. 1996) (quotation omitted), cert denied 520 U.S. 1167 (1997).   Not all communications between an attorney and client are privileged. Information such as the identity of the client, the amount of the fee, the identification of payment by case file name, the general purpose of the work performed, and whether an attorney coached a client in his testimony is not privileged.  *See, e.g., United States v. Carrillo*, 16 F.3d 1046, 1050 (9th Cir. 1994); *Clarke v. American Commerce Nat'l Bank*, 974 F.2d 127, 129 (9th Cir. 1992). Similarly, when an attorney is merely communicating information, such as an order to appear in court, the communications between the attorney and the client are not privileged.  *United States v. Gray*, 876 F.2d 1411 (9th Cir. 1989) (holding attorney client privilege did not preclude lawyer from testifying he advised client of the sentencing date in prosecution of client for failure to appear); *McKay v. Commissioner*, 886 F.2d 1237 (9th Cir. 1989) (holding testimony of taxpayer's attorney that he gave the taxpayer a copy of deficiency notice from the IRS in ample time to timely file a petition did not violate the attorney-client privilege).

The Ninth Circuit has held that proposed class representative fee agreements are "plainly relevant, at the class certification stage."  *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 959-60 (9th Cir. 2009).  The court has now conducted an in camera review and will compel Bailey Kennedy to produce:

1. The engagement letter/fee agreement between Strategic Legal Practices and Bijan Razilou redacted of two sentences on Page 1, Paragraph 1, beginning with "your claims are governed" and ending with "statute of limitations";

2. An unredacted copy of the engagement letter/fee agreement between Bailey Kennedy and Bijan Razilou;

3. An unredacted copy of the agreement regarding joint prosecution of litigation and the division of fees and costs between Mazie Slater Katz & Freeman, LLC, Strategic Legal Practices, APC, and Bailey Kennedy, LLP.

The court will also compel Sound Justice Law Group, PLLC to produce unredacted copies of:

1.  The legal representation and contingency fee agreement between Bauman and Sound Justice Law Group;

2.  Attorney association agreement between Sound Justice Law Group and Marquis Aurbach Coffing, PC; and

3.  Agreement regarding joint prosecution of litigation and division of fees and costs between the law firms of Mazie Slater Katz & Freeman, LLC, Strategic Legal Practices, APC and Bailey Kennedy, LLP.

The court finds that these agreements between the Plaintiff and the law firms contain only their contractual obligations to one another. Similarly, the agreements among the law firms simply contain their contractual obligations to one another. Two sentences in the engagement letter is legal advice which the court has ordered redacted. The agreements are not privileged, and the Ninth Circuit has held that a proposed class representative's fee agreement with her counsel is plainly relevant at the class certification stage.

**IT IS ORDERED** that Defendants' Motion to Compel the fee agreements submitted for *in camera* review is **GRANTED** and counsel for Plaintiff shall serve unredacted copies consistent with this order on opposing counsel no later than **February 10, 2016**.

DATED this 27th day of January, 2016.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

3