# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| JEREMY BAUMAN, individually and on behalf of all persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID SAXE, *et al.*,<br><br>Defendants. | Case No.: 2:14-cv-01125-RFB-PAL<br><br><br>**ORDER** |

## I.   INTRODUCTION

Before the Court is a Motion to Dismiss filed by Defendant Twilio, Inc. ECF No. 177.[1] For the reasons discussed below, the Motion to Dismiss is denied.

## II.   BACKGROUND

Plaintiffs' instant complaint is their Consolidated Second Amended Class Action Complaints, filed on September 20, 2016. ECF No. 174. Plaintiffs bring the instant action against the Saxe Defendants[2] and Twilio. Plaintiffs allege violations of the Telephone Consumer Protection Act ("TCPA") and the Nevada Deceptive Trade Practices Act ("NDTPA").

---

[1] Because Twilio titled its motion as a "Memorandum of Points and Authorities" rather than as a Motion to Dismiss, Twilio's filing was not designated as a motion via the Court's administrative labeling system. It therefore escaped the Court's attention until Twilio submitted a letter to this Court dated January 25, 2019 pursuant to Local Rule IA 7-1.

[2] The Saxe Defendants are: David Saxe; David Saxe Productions, Inc.; David Saxe Productions, LLC; Saxe Management, LLC; V Theater Group, LLC; and Saxe Theater, LLC.

Plaintiffs allege that the Saxe Defendants acquired the cellular telephone numbers of Plaintiffs and made representations that the cellular telephone numbers would not be used to send uninvited text message advertisements. They allege that the Saxe Defendants devised the idea to send telemarketing text messages and authorized, approved, and ratified a telemarketing text message program which sent Plaintiffs messages without their consent.

Plaintiffs allege that Twilio collaborated as to the development, implementation, and maintenance of the telemarketing text message program. Specifically, they allege that Twilio committed the following acts: (1) joined their software and hardware with David Saxe Productions, LLC's ("DSP") to create, sort, and send hundreds of thousands of text message advertisements to cellular telephone numbers in an automated manner; (2) caused its devices to store the telephone numbers and messages, prioritized in what sequence the text messages would be sent to the various cellular telephone carriers to which each telephone number, and ensured that the text messages were not blocked by cellular telephone carriers as telemarketing spam; (3) controlled when and how each of the telemarketing text messages was delivered to the cellular telephone numbers of their intended recipients; (4) provided DSP with software code tailored for DSP's devices to enable and facilitate the automated transmission of telemarketing text messages with the assistance of Twilio; (5) provided help and advice to DSP on how to ensure their telemarketing program would not run afoul of spam filters of cellular telephone carriers that are intended to block such uninvited telemarketing; (6) helped DSP obtain a short code telephone number for the telemarketing program to aid in bypassing the spam filters of cellular telephone carriers; (7) helped DSP obtain a short code telephone number for the telemarketing program to aid in bypassing the spam filters of cellular telephone carriers; and (8) assigned DSP a mobile marketing campaign specialist who was specifically authorized by Twilio to ensure that the telemarketing text message program was a success. Plaintiffs allege that the telemarketing text message program could not have worked without the knowledge, authorization, approval, ratification, participation, and/or active support of Twilio.

/ / /

/ / /

### III. LEGAL STANDARD

In order to state a claim upon which relief can be granted, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In ruling on a motion to dismiss for failure to state a claim, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. ADT Security Servs., Inc., 706 F.3d 1017, 1019 (9th Cir. 2013). To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted).

### IV. DISCUSSION

Twilio makes two arguments in support of dismissal of the TCPA claim: (1) that Plaintiffs have failed to sufficiently plead the injury and causation elements required for Article III standing, and (2) that Twilio is a transmitter of communications, not an initiator of communications, and therefore cannot be liable under the TCPA. Twilio next makes two arguments in support of dismissal of the NDTPA claim: (1) that Plaintiffs fail to allege consumer fraud as required under the statute, and (2) that Plaintiffs fail to allege injury.

#### a. Article III Standing for TCPA Claim

In order to have standing pursuant to Article III, Plaintiffs "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Spokeo Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016) (citations omitted). Twilio argues that Plaintiffs fail to plead any injury at all under the TCPA. Here, Plaintiffs allege that Twilio "violated Plaintiff's privacy and injured Plaintiff in his quiet use and enjoyment of his cellular telephone." ECF No. 174. These damages are consistent with the purpose of the TCPA, which was enacted in response to customer complaints that telemarketing calls are a "nuisance and an invasion of privacy." Satterfield v. Simon & Schuster, Inc., 569 F.3d 946, 954 (9th Cir. 2009) (quoting S. Rep. No. 102–178, at 1

(1991), reprinted in 1991 U.S.C.C.A.N. 1968). The Court finds that the damages associated with the TCPA claim are sufficiently alleged.

Twilio next argues that Plaintiffs fail to plead that Twilio caused their injuries, because they do not allege that Twilio *sent* the text messages. Twilio further argues that because Plaintiffs cannot show causation, they cannot satisfy redressability. But Plaintiffs allege that Twilio engaged in several tangible, specific acts causing the dissemination of the text messages, including controlling when and how the text messages were sent, providing DSP with code to enable the automated transmission of text messages, and advising DSP on how to avoid spam filters. Plaintiffs' allegations satisfy the causation element. Plaintiffs specifically state that the telemarketing text message program would not have operated but for Twilio's support and involvement, and Plaintiffs provide satisfactory factual allegations at the Motion to Dismiss stage to support this assertion.

### b. Liability of Transmitters under the TCPA

"The three elements of a TCPA claim are: (1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent." Meyer v. Portfolio Recovery Associates, LLC, 707 F.3d 1036, 1043 (9th Cir. 2012); 47 U.S.C. § 227(b)(1)(A)(iii). The definition of "called" includes the sending of a text message. Satterfield v. Simon & Schuster, Inc., 569 F.3d 946, 954 (9th Cir. 2009). The TCPA grants a private right of action to individuals seeking to enjoin or recover damages for violations of the Act. 47 U.S.C. § 227(b)(3).

The TCPA creates liability for those who "make any call . . . using any automatic telephone dialing system or an articular or prerecorded voice" to a cellular telephone. 47 U.S.C. § 227(b)(1)(A)(iii). The parties dispute the definition of the verb "make." Twilio argues that the TCPA can apply only to parties that initiate text messages, not to parties that transmit them. Plaintiffs respond that "make" is broader than "initiate" and includes taking steps necessary to make a call or send a text.

In interpreting the statute, the Court gives deference to the Federal Communications Commission ("FCC"). Satterfield v. Simon & Schuster, Inc., 569 F.3d 946, 949 (9th Cir. 2009);

see also Chevron v. Natural Res. Def. Council, Inc., 467 U.S. 837, 843–44 (1984). In 2016, the FCC weighed in on the question of whether test broadcasters could be "senders" of text messages under § 227(b)(1) of the TCPA. In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 31 F.C.C. Rcd. 88, 90 (2016). The FCC clarified that "text broadcasters can be liable for TCPA violations" based on an analysis of the "totality of the facts and circumstances surrounding the placing of a particular call." Id. at 91 (emphasis omitted). As part of the totality of the circumstances test, a decisionmaker considers: "1) who took the steps necessary to physically place the call; and 2) whether another person or entity was so involved in placing the call as to be deemed to have initiated it, considering the goals and purposes of the TCPA," as well as whether a text broadcaster "knowingly allowed its client(s) to use that platform for unlawful purposes." Id.

The Court finds that Plaintiffs state a claim for Twilio's liability under the TCPA that is plausible on its face. Accepting the facts in Plaintiffs' complaint as true, Twilio took steps necessary to send the automated text messages. Twilio's alleged involvement was to an extent that Twilio could be considered to have initiated the contact, considering the TCPA's goal of limiting the nuisance and invasion of privacy caused by automated calls and text messages. Plaintiffs also allege that Twilio not only knowingly allowed DSP to use their platform for automated text messages but actively helped DSP bypass spam filters. Because the FCC has determined that transmitters can be liable under the TCPA under certain circumstances, and because Plaintiffs allege circumstances under which liability is plausible, Plaintiffs state a claim against Twilio under the TCPA.

    **c.    Consumer Fraud under the NDTPA**

The NDTPA creates liability when an individual commits "consumer fraud" by knowingly violating "a state or federal statute or regulation relating to the sale or lease of goods or services," by knowingly failing "to disclose a material fact in connection with the sale or lease of goods or services," or by knowingly making "any other false representation in a transaction." NRS § 41.600(2)(e); § 598.0923(2) & (3); § 598.0915. Twilio argues that Plaintiffs fail to allege that

///

Twilio committed consumer fraud under the statute. Twilio also argues that the TCPA is not a statute relating to the sale or lease of goods or services.

Plaintiffs do not successfully state a claim under the NDTPA. Plaintiffs argue that a violation of the TCPA is a *per se* violation of the NDTPA because the NDTPA creates liability for knowingly violating a federal statute relating to the sale or lease of goods or services. NRS § 598.0923(3). But the TCPA regulates automated calls; it does not relate to the sale or lease of goods or services. Nor do Nevada Revised Code sections 598.0923(2) and 598.0915, cited not in the complaint but in Plaintiffs' response, apply to the conduct alleged. Plaintiffs characterize themselves as consumers in their response, but they do not allege that any sale, lease, or transaction occurred between Plaintiffs and Twilio. Plaintiffs fail to state a plausible claim for relief under the NDTPA.

### d. Injury under the NDTPA

As above, Twilio also argues that Plaintiffs fail to allege injury. Twilio further argues that the NDTPA requires an allegation of economic injury. But a plaintiff who prevails in an NDTPA action can be awarded "[a]ny damages that the claimant has sustained," as well as any appropriate equitable relief and costs and fees. N.R.S. § 41.600(3). By allowing for recovery of "any" damages sustained, the statute allows for the possibility of an absence of economic injury. As discussed above, Plaintiffs allege damages in the form of privacy violations and a disruption in the quiet use and enjoyment of their cellular telephones. Plaintiffs state a plausible claim as to damages, though the claim is nevertheless dismissed for the failure to plead consumer fraud.

### V. CONCLUSION

**IT IS ORDERED** that Defendant Twilio's Motion to Dismiss (ECF No. 177) is DENIED as to Plaintiffs' claim under the Telephone Consumer Protection Act (Count I) and GRANTED as to Plaintiffs' claim under the Nevada Deceptive Trade Practices Act (Count II).

**DATED**: February 13, 2019.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**