Joel D. Henriod
SBN 8492
**LEWIS ROCA ROTHGERBER LLP**
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Telephone:  702.474.2681
Facsimile:  702.216.6190
*jhenriod@lrrlaw.com*

Michael B. Hazzard
*Pro hac vice*
**JONES DAY**
51 Louisiana Avenue, NW
Washington, D.C.  20001.2113
Telephone:    202.879.5439
Facsimile:    202.626.1700
*mhazzard@jonesday.com*

Counsel for Defendant
TWILIO INC.

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JEREMY BAUMAN, ET AL., | **Case No. 2:14-cv-01125-RFB-BNW** |
| *Plaintiff*, | **TWILIO INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' CONSOLIDATED SECOND AMENDED CLASS ACTION COMPLAINTS** |
| v. | |
| DAVID SAXE, ET AL., | |
| *Defendant*. | |
| | In consolidation with |
| BIJAN RAZILOU, ET AL., | Case No.: 2:14-cv-01160-RFB-BNW |
| *Plaintiff*, | |
| v. | |
| V THEATER GROUP, LLC, ET AL., | |
| *Defendant*. | |

Defendant Twilio Inc. ("Twilio") files this Answer and Affirmative Defenses to Plaintiff Bauman's and Plaintiff Razilou's Consolidated Second Amended Class Action Complaints (the "Complaint") and answers the corresponding numbered paragraphs of the Complaint as follows:

## JURISDICTION AND VENUE

1. Paragraph 1 contains legal conclusions to which no response is required.  To the extent a response is required, Twilio denies the allegations in paragraph 1.

2. Twilio lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2, and therefore denies the allegations.

3. Paragraph 3 contains legal conclusions to which no response is required.  To the extent a response is required, Twilio denies the allegations in paragraph 3.

4. Paragraph 4 contains legal conclusions to which no response is required.  To the extent a response is required, Twilio denies the allegations in paragraph 4.

## NATURE OF THE ACTION

5. Twilio admits that Plaintiffs purport to bring a claim on behalf of themselves and others regarding alleged text messaging.  Except as expressly admitted, Twilio denies the allegations in paragraph 5.

6. Paragraph 6 contains legal conclusions to which no response is required.  To the extent a response is required, Twilio denies the allegations in paragraph 6.  Plaintiffs' Nevada Deceptive Trade Practices Act ("NVDTPA") claim was dismissed by this Court on February 13, 2019. ECF No. 199.

## THE PARTIES

7. Twilio lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 7, and therefore denies the allegations.

8. Twilio lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8, and therefore denies the allegations.

9. Paragraph 9 contains legal conclusions to which no response is required.  To the extent a response is required, Twilio lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 9, and therefore denies the allegations.

10. Paragraph 10 contains legal conclusions to which no response is required.  To the extent a response is required, Twilio lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10, and therefore denies the allegations.

11. Paragraph 11 contains legal conclusions to which no response is required.  To the extent a response is required, Twilio lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 11, and therefore denies the allegations.

12. Paragraph 12 contains legal conclusions to which no response is required.  To the extent a response is required, Twilio lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12, and therefore denies the allegations.

13. Paragraph 13 contains legal conclusions to which no response is required.  To the extent a response is required, Twilio lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13, and therefore denies the allegations.

14. Paragraph 14 contains legal conclusions to which no response is required.  To the extent a response is required, Twilio lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14, and therefore denies the allegations.

15. Twilio admits that it had at least one customer in Clark County, Nevada during the relevant period of time.  Twilio otherwise denies the allegations in paragraph 15.

16.  Paragraph 16 contains legal conclusions to which no response is required.  To the extent a response is required, Twilio denies the allegations in paragraph 16.

17. To the extent paragraph 17 references Defendants other than Twilio, Twilio lacks knowledge or information sufficient to form a belief about the truth of the allegations in

paragraph 17, and therefore denies the allegations.  To the extent paragraph 17 references Twilio, Twilio admits that it conducted business in the state of Nevada and within this judicial district.  Beyond this express admission, Twilio denies all other allegations in paragraph 17.

18. Paragraph 18 contains legal conclusions to which no response is required.  To the extent a response is required, Twilio denies the allegations in paragraph 18.

19. Paragraph 19 contains legal conclusions to which no response is required.  To the extent a response is required, Twilio denies the allegations in paragraph 19.

20. Paragraph 20 contains legal conclusions to which no response is required.  To the extent a response is required, Twilio denies the allegations in paragraph 20.

21. Paragraph 21 contains legal conclusions to which no response is required.  To the extent a response is required, Twilio denies the allegations in paragraph 21.

## FACTUAL ALLEGATIONS

22. Twilio lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22, and therefore denies the allegations.

23. Twilio lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23, and therefore denies the allegations.

24. Twilio lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24, and therefore denies the allegations.

25. Twilio lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25, and therefore denies the allegations.

26. Twilio lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26, and therefore denies the allegations.

27. Twilio lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27, and therefore denies the allegations.

28. Twilio lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 28, and therefore denies the allegations.

29. Twilio lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 29, and therefore denies the allegations.

30. Twilio lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 30, and therefore denies the allegations.

31. Twilio lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31, and therefore denies the allegations.

32. Twilio lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 32, and therefore denies the allegations.

33. Twilio lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 33, and therefore denies the allegations.

34. Twilio lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 34, and therefore denies the allegations.

35. Twilio lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 35, and therefore denies the allegations.

36. Twilio lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 36, and therefore denies the allegations.

37. Twilio lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 37, and therefore denies the allegations.

38. Twilio lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 38, and therefore denies the allegations.

39. Twilio lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 39, and therefore denies the allegations.

40. Twilio lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 40, and therefore denies the allegations.

41. Twilio lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 41, and therefore denies the allegations.

42. Twilio lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 42, and therefore denies the allegations.

43. Twilio lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 43, and therefore denies the allegations.

44. Twilio lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 44, and therefore denies the allegations.

45. Twilio lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 45, and therefore denies the allegations.

46. Twilio lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 46, and therefore denies the allegations.

47. Twilio lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 47, and therefore denies the allegations.

48. Twilio lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 48, and therefore denies the allegations.

49. Twilio lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 49, and therefore denies the allegations.

50. Twilio lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 50, and therefore denies the allegations.

51. Twilio lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 51, and therefore denies the allegations.

52. Twilio denies the allegations in paragraph 52.

53. Twilio denies the allegations in paragraph 53.

54.  With respect to the allegations concerning Defendant David Saxe Productions LLC's purported actions in paragraph 54, Twilio lacks knowledge or information sufficient to form a belief about the truth of them, and therefore denies the allegations.  With regard to the allegations in paragraph 54 concerning Twilio's purported actions, Twilio denies the allegations.

55. Twilio denies the allegations in paragraph 55.

56. Twilio denies the allegations in paragraph 56.

57. Twilio denies the allegations in paragraph 57.

58. Twilio denies the allegations in paragraph 58.

59. Twilio denies the allegations in paragraph 59.

60. Twilio denies the allegations in paragraph 60.

61. Twilio denies the allegations in paragraph 61.

62. Twilio denies the allegations in paragraph 62.

63. Paragraph 63 contains legal conclusions to which no response is required.  To the extent a response is required, Twilio denies the allegations in paragraph 63.

64. Paragraph 64 contains legal conclusions to which no response is required.  To the extent a response is required, Twilio denies the allegations in paragraph 64.

65. Paragraph 65 contains legal conclusions to which no response is required.  To the extent a response is required, Twilio denies the allegations in paragraph 65.

66. Paragraph 66 contains legal conclusions to which no response is required.  To the extent a response is required, Twilio denies the allegations in paragraph 66.

67. Paragraph 67 contains legal conclusions to which no response is required.  To the extent a response is required, Twilio denies the allegations in paragraph 67.

68. Paragraph 68 contains legal conclusions to which no response is required.  To the extent a response is required, Twilio denies the allegations in paragraph 68.

69. Paragraph 69 contains legal conclusions to which no response is required. To the extent a response is required, Twilio denies the allegations in paragraph 69.

## CLASS ALLEGATIONS

70. Paragraph 70 contains legal conclusions to which no response is required.  To the extent a response is required, Twilio denies the allegations in paragraph 70.

71. Paragraph 71 contains legal conclusions to which no response is required.  To the extent a response is required, Twilio denies the allegations in paragraph 71.

72. Paragraph 72 contains legal conclusions to which no response is required.  To the extent a response is required, Twilio denies the allegations in paragraph 72.

73. Paragraph 73 contains legal conclusions to which no response is required.  To the extent a response is required, Twilio denies the allegations in paragraph 73.

74. Paragraph 74 contains legal conclusions to which no response is required.  To the extent a response is required, Twilio denies the allegations in paragraph 74.

75. Twilio denies the allegations in paragraph 75.

76. Twilio denies the allegations in paragraph 76.

77. Paragraph 77 contains legal conclusions to which no response is required.  To the extent a response is required, Twilio denies the allegations in paragraph 77.

78. Paragraph 78 and its subparagraphs a through g contain legal conclusions to which no response is required.  To the extent a response is required, Twilio denies the allegations in paragraph 78 and its subparagraphs a through g.

79. Paragraph 79 contains legal conclusions to which no response is required.  To the extent a response is required, Twilio denies the allegations in paragraph 79.

80. Paragraph 80 contains legal conclusions to which no response is required.  To the extent a response is required, Twilio denies the allegations in paragraph 80.

81. Paragraph 81 contains legal conclusions to which no response is required.  To the extent a response is required, Twilio denies the allegations in paragraph 81.

82. Paragraph 82 contains legal conclusions to which no response is required.  To the extent a response is required, Twilio denies the allegations in paragraph 82.

83. Paragraph 83 contains legal conclusions to which no response is required.  To the extent a response is required, Twilio denies the allegations in paragraph 83.

84. Paragraph 84 contains legal conclusions to which no response is required.  To the extent a response is required, Twilio lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 84, and therefore denies the allegations.

### FIRST CLAIM FOR RELIEF

**(Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227)**

85. Twilio restates and incorporates by reference its responses as set forth in paragraphs 1–84 above.

86. Paragraph 86 contains legal conclusions to which no response is required.  To the extent a response is required, Twilio denies the allegations in paragraph 86.

87. Paragraph 87 contains legal conclusions to which no response is required.  To the extent a response is required, Twilio denies the allegations in paragraph 87.

88.  Paragraph 88 contains legal conclusions to which no response is required.  To the extent a response is required, Twilio denies the allegations in paragraph 88.

89. Paragraph 89 contains legal conclusions to which no response is required.  To the extent a response is required, Twilio denies the allegations in paragraph 89.

90. Twilio denies the allegations in paragraph 90.

## SECOND CLAIM FOR RELIEF

**(Violations of the Nevada Deceptive Trade Practices Act, NRS Chapter 598)**

91. Twilio restates and incorporates by reference its responses as set forth in paragraphs 1–90 above.

92. The Court dismissed Plaintiffs' NVDTPA claim, and therefore, the allegations in paragraph 92 are moot and irrelevant and do not require an answer.  To the extent that paragraph 92 has any remaining validity, it contains legal conclusions to which no response is required.  To the extent a response is required, Twilio denies the allegations in paragraph 92.

93. The Court dismissed Plaintiffs' NVDTPA claim, and therefore, the allegations in paragraph 93 are moot and irrelevant and do not require an answer.  To the extent that paragraph 93 has any remaining validity and requires a response, Twilio denies the allegations in paragraph 93.

94. The Court dismissed Plaintiffs' NVDTPA claim, and therefore, the allegations in paragraph 94 are moot and irrelevant and do not require an answer.  To the extent that paragraph 94 has any remaining validity, it contains legal conclusions to which no response is required.  To the extent a response is required, Twilio denies the allegations in paragraph 94.

95. The Court dismissed Plaintiffs' NVDTPA claim, and therefore, the allegations in paragraph 95 are moot and irrelevant and do not require an answer.  To the extent that paragraph 95 has any remaining validity, it contains legal conclusions to which no response is required.  To the extent a response is required, Twilio denies the allegations in paragraph 95.

## THIRD CLAIM FOR RELIEF

### (Declaratory Relief)

96. Twilio restates and incorporates by reference its responses as set forth in paragraphs 1–95 above.

97. Paragraph 97 contains legal conclusions to which no response is required.  To the extent a response is required, Twilio denies the allegations in paragraph 97.

98. Twilio denies the allegations in paragraph 98.

99. Paragraph 99 contains legal conclusions to which no response is required.  To the extent a response is required, Twilio denies the allegations in paragraph 99.

100. Paragraph 100 contains legal conclusions to which no response is required.  To the extent a response is required, Twilio denies the allegations in paragraph 100.

101. Twilio denies the allegations in paragraph 101.

102. Twilio denies the allegations in paragraph 102.

103. Twilio denies the allegations in paragraph 103.

104. Twilio denies the allegations in paragraph 104.

105. Twilio denies the allegations in paragraph 105.

106. Twilio denies the allegations in paragraph 106.  Plaintiffs' NVDTPA claims have been dismissed.

107. Twilio denies the allegations in paragraph 107.

108. Twilio denies the allegations in paragraph 108.

109. Twilio denies the allegations in paragraph 109.

110. Twilio denies the allegations in paragraph 110.

**FOURTH CLAIM FOR RELIEF**

**(Attorney Fees as Special Damages)**

111. Twilio restates and incorporates by reference its responses as set forth in paragraphs 1–110 above.

112. Twilio denies the allegations in paragraph 112.

**REQUESTS FOR RELIEF**

The remainder of the Complaint is a request for relief to which no response is required. To the extent a response is required, Twilio denies that Plaintiffs or the members of the putative class are entitled to any of the relief sought. Twilio requests that this Court enter an order dismissing Plaintiffs' claims, with prejudice, and awarding costs of suit to Twilio.

**GENERAL DENIAL**

113. Twilio denies any allegation that was not expressly admitted above.

**AFFIRMATIVE DEFENSES**

In further response to Plaintiffs' Consolidated Second Amended Class Action Complaints, Twilio raises the following affirmative defenses. Twilio reserves all affirmative defenses under Fed. R. Civ. P. 8(c) and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case. Twilio reserves the right to amend or supplement its affirmative defenses. In raising these affirmative defenses, Twilio does not admit any of Plaintiffs' allegations nor does it assume any burden of proof that it would not otherwise bear.

## FIRST AFFIRMATIVE DEFENSE

## (INDEMNIFICATION)

1.   The purported damages allegedly suffered by Plaintiffs are the results of the acts or omissions of third persons over whom Twilio had neither control nor responsibility or of Plaintiffs themselves.  Specifically, but not to the exclusion of indemnification by others, David Saxe Productions, LLC et al. must indemnify Twilio under a contractual indemnification provision.

## SECOND AFFIRMATIVE DEFENSE
## (NO COGNIZABLE INJURY)

2.   Plaintiffs and/or others alleged to be members of the putative class have sustained no cognizable injury or damages.

## THIRD AFFIRMATIVE DEFENSE
## (FAILURE TO RECEIVE ALLEGED TEXT MESSAGES)

3.   Plaintiffs and/or others alleged to be members of the putative class cannot claim a Telephone Consumer Protection Act ("TCPA") violation because they did not receive the text messages that were allegedly sent.

## FOURTH AFFIRMATIVE DEFENSE
## (FAILURE OF REPRESENTATIVE PARTY TO PROTECT THE INTERESTS OF THE CLASS)

4.   The claims of the Plaintiffs and putative class and putative subclass members fail because the class representatives fail to fairly and adequately protect the interests of the class. This failure includes, but is not limited to, lacking named class and subclass representatives.

**FIFTH AFFIRMATIVE DEFENSE**

**(VIOLATION OF TWILIO'S TERMS OF SERVICE)**

5.   Twilio has no liability for any text messages allegedly received by Plaintiffs or other putative class members because in sending any text messages in violation of the law, Defendants, excluding Twilio, violated Twilio's Terms of Service.

**SIXTH AFFIRMATIVE DEFENSE**

**(CONSENT)**

6.   The claims of Plaintiffs and/or others alleged to be putative class members fail to the extent they consented to receive the alleged text messages at issue.

**SEVENTH AFFIRMATIVE DEFENSE**

**(MANDATORY ARBITRATION)**

7.   Some or all of those alleged to be members of the putative class may not prosecute their claims in this Court to the extent those claims are subject to mandatory contractual arbitration.

**EIGHTH AFFIRMATIVE DEFENSE**

**(RIGHT TO DUE PROCESS)**

8.   Awarding Plaintiffs and/or others alleged to be putative class members the relief sought in the Complaint would violate Twilio's right to due process under the United States Constitution.  *See BMW of North America, Inc. v. Gore*, 517 U.S. 559, 580 (1996).

**NINTH AFFIRMATIVE DEFENSE**

**(STATUTE OF LIMITATIONS)**

9.   The claims by some or all of those alleged to be putative class members are barred by the statute of limitations.

## TENTH AFFIRMATIVE DEFENSE

## (PAYMENT)

10. The claims of Plaintiffs and/or others alleged to be putative class members are barred, in whole or in part, by payment, setoff, and/or recoupment.

## ELEVENTH AFFIRMATIVE DEFENSE

## (ACCORD AND SATISFACTION)

11. The claims of Plaintiffs and/or others alleged to be members of the putative class are barred in whole or in part by the doctrine of accord and satisfaction.

## TWELFTH AFFIRMATIVE DEFENSE

## (LACK OF STANDING)

12. Plaintiffs and/or others alleged to be members of the putative class lack standing to assert some or all of the claims stated in the Complaint and to seek some or all of the relief requested.

## THIRTEENTH AFFIRMATIVE DEFENSE

## (FAILURE TO MITIGATE DAMAGES)

13. The claims of Plaintiffs and/or others alleged to be putative class members fail because Plaintiffs or others alleged to be putative class members failed to take reasonable steps to mitigate their alleged damages, if any, and their recovery must be barred or diminished accordingly.

## FOURTEENTH AFFIRMATIVE DEFENSE

## (UNCLEAN HANDS)

14. Claims by Plaintiffs and/or others alleged to be members of the putative class are barred in whole or in part by the doctrines of unclean hands, waiver, and/or estoppel.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(CONTRIBUTION)**

15. To the extent Twilio has any liability, that liability must be satisfied by the other parties at

fault.

Dated:    May 14, 2019                                    Respectfully submitted,


*/s/ Joel D. Henriod*
Joel D. Henriod
SBN 8492
**LEWIS ROCA ROTHGERBER LLP**
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Telephone:  702.474.2681
Facsimile:  702.216.6190
*jhenriod@lrrlaw.com*

Michael B. Hazzard
*Pro hac vice*
**JONES DAY**
51 Louisiana Avenue, N.W.
Washington, DC  20001-2113
Telephone: 202.879.5439
Facsimile: 202.626.1700
*mhazzard@jonesday.com*

Counsel for Defendant
TWILIO INC.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>CERTIFICATE OF SERVICE</u>**

      I hereby certify that on this 14th day of May 2019, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, causing it to be served on all registered users.

                                Respectfully submitted,

                                  */s/ Adam Crawford*
                                  An Employee of Lewis Roca Rothgerber Christie LLP