**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| JEREMY BAUMAN, individually and on behalf of all persons similarly situated,<br><br>                          Plaintiffs,<br>    vs.<br><br>DAVID SAXE, et al.,<br><br>                         Defendants. | Case No.: 2:14-cv-01125-RFB-BNW<br><br>**[~~PROPOSED~~] ORDER CONDITIONALLY CERTIFYING A SETTLEMENT CLASS, PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, APPROVING NOTICE PLAN, AND SCHEDULING FINAL APPROVAL HEARING** |
| BIJAN RAZILOU, et al.,<br><br>                         Plaintiffs,<br>    vs.<br><br>V THEATER GROUP, LLC, et al.,<br><br>                         Defendants. | In consolidation with<br>Case No.:    2:14-cv-01160-RFB-BNW |

Upon review and consideration of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, including the Parties' Settlement Agreement and Release of Claims (the "Settlement Agreement" or "Agreement") and all exhibits thereto, and the arguments of counsel, and having been fully advised in the premises, it is HEREBY ORDERED, ADJUDGED and DECREED as follows:

1.     **Settlement Terms**. Unless otherwise defined herein, all capitalized terms in this Order shall have the meanings ascribed to them in the Agreement.

2.     **Jurisdiction**. The Court has jurisdiction over the subject matter of the Action, the Parties, and all members of the Settlement Class.

3.     **Scope of Settlement.** The Agreement resolves all Released Claims against the Released Parties.

4.      **Preliminary Approval of Proposed Settlement.**  The Court has conducted a

preliminary evaluation of the Settlement as set forth in the Agreement.  Based on this

preliminary evaluation, the Court finds that: (a) the Settlement is fair, reasonable and adequate,

and within the range of possible approval; (b) the Settlement has been negotiated in good faith at

arm's length between experienced attorneys familiar with the legal and factual issues of this

case; (c) with respect to the forms of notice of the material terms of the Settlement to persons in

the Settlement Class for their consideration (Exs. A, B, and C to the Agreement), that notice

provides due and sufficient notice to the Settlement Class and fully satisfies the requirements of

due process and Federal Rule of Civil Procedure 23; and (d) with respect to the proposed notice

plan, the notice program constitutes the best notice practicable under the circumstances.

Therefore, the Court grants preliminary approval of the Settlement.

5.      **Class Certification for Settlement Purposes Only.**  Pursuant to Rule 23 of the

Federal Rules of Civil Procedure, the Court conditionally certifies for purposes of this Settlement

only, the following Settlement Class:

> All persons and entities to whom Defendants attempted transmission of one or more
> text messages, between and including April 1, 2013, to May 31, 2014, to a
> telephone number assigned to a cell phone at the time of transmission. Excluded
> from the Class are Defendants, any entity that has a controlling interest in
> Defendants, and Defendants' current or former directors, officers, counsel, and
> their immediate families, and all persons who validly exclude themselves or opt out
> of the Settlement Class.

6.      The Court makes the following determinations as to certification of the Settlement

Class:

        a.      The Settlement Class is so numerous that joinder of all members is

impracticable;

        b.      There are questions of law or fact common to the members of the

Settlement Class;

4832-8690-4501v.1 0104433-000001

c.	The claims of the Plaintiffs are typical of the claims of the other members of the Settlement Class;

d.	Plaintiffs are capable of fairly and adequately protecting the interests of the members of the Settlement Class, in connection with the Settlement Agreement;

e.	Common questions of law and fact predominate over questions affecting only individual members of the Settlement Class;

f.	The Settlement Class is ascertainable; and

g.	Resolution of the Released Claims in this Action by way of a nationwide settlement is superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class.

7.	**Designation of Class Representatives.**  The Court appoints Plaintiffs Jeremy Bauman and Bijan Razilou as representatives of the Settlement Class ("Class Representatives") for the sole purpose of seeking a settlement of the Action.

8.	**Designation of Class Counsel.**  The law firms of Sound Justice Law Group, PLLC; Mazie Slater Katz & Freeman, LLC; Bailey Kennedy, LLP; Strategic Legal Practices, APC; and Marquis Aurbach Coffing, are hereby designated as Class Counsel for the Settlement Class.  Albert H. Kirby of Sound Justice Law Group, PLLC and Matthew Mendelsohn of Mazie Slater Katz & Freeman, LLC, are hereby designated as Lead Class Counsel for the Settlement Class.

9.	**Final Approval Hearing.**  A hearing regarding final approval of the Settlement will be held at  **June 25, 2020 at 10:30 AM** to determine, among other things, whether to: (i) finally approve the Settlement as fair, reasonable, and adequate; (ii) dismiss the Released Claims in the Action with prejudice pursuant to the terms of the Settlement Agreement; (iii) bind

4832-8690-4501v.1 0104433-000001

Settlement Class Members by the Releases set forth in the Settlement Agreement; (iv) permanently bar Settlement Class Members who have not opted out of the Settlement from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any action in any jurisdiction based on the Released Claims; (v) find that the Class Notice as given was the best notice practicable under the circumstances, is due and sufficient notice to the Settlement Class, and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23; (vi) approve the plan of distribution of the Settlement Fund; (vii) finally certify the Settlement Class; and (viii) approve requested Attorneys' Fees and Expenses and the proposed Incentive Awards to Plaintiffs.

10. **Settlement Administrator.** Angeion Group is hereby appointed as the Settlement Administrator and shall be required to perform all the duties of the Settlement Administrator as set forth in the Agreement and this Order.

11. **Class Notice.**

a. The Court approves the Class Notice in the Settlement Agreement, including the Long Form Notice, Email Notice, and Postcard Notice attached as Exhibits A, B, and C to the Settlement Agreement, the Reminder Email Notice and the manner of providing Email Notice and Postcard Notice to Settlement Class Members described in Section III of the Settlement Agreement. The Court finds that this is the best practicable notice under the circumstances and is reasonably calculated, under all the circumstances, to apprise the Settlement Class Members of the pendency of this Action, the terms of the Settlement Agreement, and their right to object to the Settlement Agreement or exclude themselves from the Settlement Class. The Court further finds that the Long Form Notice, Email Notices, and Postcard Notice are reasonable, constitute due, adequate, and sufficient notice to all persons entitled to receive

4

notice, and meet the requirements of due process. The Court hereby directs the Parties and the Settlement Administrator to complete all aspects of the Notice Plan no later than **March 27, 2020** ("Notice Deadline").

b.      The Settlement Administrator will file with the Court by no later than **June 11, 2020,** which is fourteen (14) days prior to the Final Approval Hearing, proof that notice was provided in accordance with the Agreement and this Order.

c.      Defendants shall comply with the obligation to give notice under the Class Action Fairness Act, 28 U.S.C. § 1715, in connection with the proposed settlement.  No later than 10 calendar days before the Final Approval Hearing, counsel for Defendants shall file with the Court one or more declarations stating that Defendants have complied with its notice obligations under 28 U.S.C. § 1715.

12.     **Exclusion from the Settlement Class.**  Any potential Settlement Class Member who wishes to be excluded from the Class must send a written Request for Exclusion to the Settlement Administrator, by first-class mail, postage prepaid, to the address provided in the Mail Notice and Settlement Website.  Any such Request for Exclusion must be postmarked no later than 90 days from the date of entry of the Preliminary Approval Order.

a.      To be valid, the Request for Exclusion must: (a) identify the name and address of the potential Settlement Class Member requesting exclusion; (b) provide the cell phone number(s) to which Defendants sent him or her a text message; (c) be personally signed by the potential Settlement Class Member requesting exclusion; and (d) contain a statement that reasonably indicates a desire to be excluded from the Settlement.  Mass or class opt-outs shall not be allowed.

4832-8690-4501v.1 0104433-000001

b.      Except for those potential members of the Settlement Class who timely

and properly file a Request for Exclusion, all other potential members of the Settlement Class

will be deemed to be Settlement Class Members for all purposes under the Agreement, and upon

Final Approval, will be bound by its terms, regardless of whether they receive any monetary

relief or any other relief, including, but not limited to, the Releases in Section V of the

Settlement Agreement.

13.      **Objections and Appearances.**  Any Settlement Class Member who has not filed

a timely written Request for Exclusion and who complies with the requirements of this paragraph

may object to any aspect of the proposed Settlement either on his or her own or through an

attorney hired at his or her expense.  Any Settlement Class Member who wishes to object to the

Settlement must do so in writing not later than 90 days from the date of entry of the Preliminary

Approval Order, as specified in the Class Notice and this Preliminary Approval Order.  The

written objection must be postmarked and mailed to the Settlement Administrator at the address

provided in the Class Notice.

14.      A valid written objection must include: (a) the objector's name and address; (b)

an explanation of the basis upon which the objector claims to be a Settlement Class Member,

including the cell phone number to which Defendants sent him or her a text message; (c) all

grounds for the objection, including all citations to legal authority and evidence supporting the

objection; (d) the name and contact information of any and all attorneys representing, advising,

or in any way assisting the objector in connection with the preparation or submission of the

objection or who may profit from the pursuit of the objection (the "Objecting Attorneys"); and

(e) a statement indicating whether the objector intends to appear at the Fairness Hearing (either

personally or through counsel who files an appearance with the Court in accordance with the

Local Rules). If a Settlement Class Member or any of the Objecting Attorneys has objected to any class action settlement where the objector or the Objecting Attorneys asked for or received any payment in exchange for dismissal of the objection, or any related appeal, without any modification to the settlement, then the objection must include a statement identifying each such case by full case caption;

15. Any Settlement Class Member who fails to object to the Settlement in the manner described in the Class Notice and in this Order shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be foreclosed from seeking any review of the Settlement or the terms of the Agreement by appeal or other means;

16. Subject to approval of the Court, any Settlement Class Member who files and serves a written objection in accordance with Section III of the Settlement Agreement and the Class Notice may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the proposed Settlement should not be approved as fair, adequate, and reasonable, but only if the objecting Settlement Class Member mails a notice of intention to appear at the Final Approval Hearing by the Objection Deadline ("Notice Of Intention To Appear") to the address identified in the Class Notice. The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Settlement Class Member will present to the Court in connection with the Final Approval Hearing. Any Settlement Class Member who does not file a Notice of Intention to Appear in accordance with the deadlines and other specifications set forth in the Agreement and Class Notice shall not be entitled to appear at the Final Approval Hearing or raise any objections.

4832-8690-4501v.1 0104433-000001

17. **Service of Papers.** The Parties shall serve on each other and on all other parties who have filed notices of appearance, at or before the Final Approval Hearing, any further documents in support of the proposed Settlement, including responses to any papers filed by Settlement Class Members. The Parties shall promptly furnish to each other any and all objections or written requests for exclusion that may come into their possession and shall file such objections or requests for exclusion with the Court on or before the date of the Final Approval Hearing.

18. **Termination of Settlement.** This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if (i) the proposed Settlement is not finally approved by the Court, or does not become Final, pursuant to the terms of the Settlement Agreement; or (ii) the Settlement Agreement is terminated pursuant to the terms of the Settlement Agreement for any reason. In such event, and except as provided therein, the proposed Settlement and Settlement Agreement shall become null and void and be of no further force and effect; the preliminary certification of the Settlement Class for settlement purposes shall be automatically vacated; neither the Settlement Agreement nor the Court's orders, including this Order, shall be used or referred to for any purpose whatsoever; and the Parties shall retain, without prejudice, any and all objections, arguments, and defenses with respect to class certification.

19. **Use of Order Following Termination of Settlement.** This Order shall be of no force and effect if the Settlement does not become Final. This Order shall not be offered by any person as evidence in any action or proceeding against any Party hereto in any court, administrative agency, or other tribunal for any purpose whatsoever, other than to enforce or

4832-8690-4501v.1 0104433-000001

otherwise effectuate the Settlement Agreement (or any agreement or order relating thereto), including the Releases, or this Order. Neither shall this Order be offered by any person or received against any of the Released Parties as evidence or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Released Parties of:

        a.      the truth of the facts alleged by any person or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or other judicial or administrative proceeding, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault or wrongdoing of any of the Released Parties;

        b.      any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Released Parties or any other wrongdoing by any of the Released Parties; or

        c.      any liability, negligence, fault, or wrongdoing in any civil, criminal, or administrative action or proceeding by any of the Released Parties.

20.     **Necessary Steps.**  The Court authorizes the Parties to take all necessary and appropriate steps to implement the Settlement Agreement.

21.     **Schedule of Future Events**.  Accordingly, the following are the deadlines by which certain events must occur:

| **March 27, 2020**<br><br>[30 days after the date of this Order] | Deadline for notice to be provided in accordance with the Agreement and this Order (Notice Deadline) |
| --- | --- |
| **May 5, 2020**<br><br>[39 days after the Notice Deadline] | Deadline for filing of Plaintiff's Motion for Attorneys' Fees and Costs and Service Award |

4832-8690-4501v.1 0104433-000001

| | |
|---|---|
| **May 26, 2020**<br><br>[60 days after the Notice Deadline] | Deadline to file objections or submit requests for exclusion (Opt-Out and Objection Deadline) |
| **June 11, 2020**<br><br>[14 days Prior to Final Approval Hearing] | Deadline to File Motion for Final Approval |
| **June 4, 2020**<br><br>[7 Days Prior to Filing Motion for Final Approval] | Deadline for Settlement Administrator to Provide Class Counsel with Proof of Class Notice, Identifying the Number of Requests for Exclusion, and Number of Objections Received |
| **June 18, 2020**<br><br>[7 Days Prior to Final Approval Hearing] | Defendants Shall File with the Court One or More Declarations Stating that Defendants have Complied with their Notice Obligations |
| **June 25, 2020 at 10:30 AM in 7C.**<br><br>[No earlier than 120 days after Notice Deadline] | Final Approval Hearing |

DONE and ORDERED in Chambers in Las Vegas, Nevada, this **26th** day of **February, 2020**.

_____
**HON. RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**

4832-8690-4501v.1 0104433-000001