# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JEREMY BAUMAN, individually and on behalf of all persons similarly situated,<br><br>        Plaintiffs,<br> vs.<br><br>DAVID SAXE, et al.,<br><br>        Defendants. | Case No.: 2:14-cv-01125-RFB-BNW<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND DISMISSING CLASS PLAINTIFFS' CLAIMS** |
| BIJAN RAZILOU, et al.,<br><br>        Plaintiffs,<br> vs.<br><br>V THEATER GROUP, LLC, et al.,<br><br>        Defendants. | In consolidation with<br>Case No.: 2:14-cv-01160-RFB-BNW |

This Court, having held a Final Approval Hearing on June 25, 2020, having provided notice of that hearing in accordance with the Preliminary Approval Order, and having considered all matters submitted to it in connection with the Final Approval Hearing and otherwise, and finding no just reason for delay in entry of this Order Granting Final Approval of Class Action Settlement and Dismissing Class Plaintiffs' Claims (the "Final Approval Order" or this "Order") and good cause appearing therefore,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

  1.  Unless otherwise defined, all capitalized terms in this Final Approval Order shall have the same meaning as they do in the Settlement Agreement (Dkt. 224-1).

4844-0357-8786v.1 0104433-000001

2. The Court has jurisdiction over the subject matter of the Action and over the Parties, including all Settlement Class Members with respect to the Settlement Class certified for settlement purposes, as follows:

> All persons and entities to whom Defendants attempted transmission of one or more text messages, between and including April 1, 2013, to May 31, 2014, to a telephone number assigned to a cell phone at the time of transmission. Excluded from the Class are Defendants, any entity that has a controlling interest in Defendants, and Defendants' current or former directors, officers, counsel, and their immediate families, and all persons who validly exclude themselves or opt out of the Settlement Class.

3. The Court finds that the Settlement Agreement was negotiated at arm's length by experienced counsel who were fully informed of the facts and circumstances of the Action and of the strengths and weaknesses of their respective positions. Further, settlement occurred only after significant discovery, motion practice, and after the parties negotiated over a period of many months. Counsel for the Parties were therefore well positioned to evaluate the benefits of the Settlement Agreement, taking into account the expense, risk, and uncertainty of protracted litigation with respect to numerous difficult questions of fact and law.

4. The Court finally certifies the Settlement Class for settlement purposes and finds, for settlement purposes, that the Action satisfies all the requirements of Rule 23 of the Federal Rules of Civil Procedure. Specifically: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) Plaintiffs have and will continue to fairly and adequately represent the interests of the Settlement Class for purposes of entering into the Settlement Agreement; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; (f)

the Settlement Class is ascertainable; and (g) a class action settlement is superior to the other available methods for the fair and efficient adjudication of the controversy.

5. The Court finally appoints the law firms of Sound Justice Law Group, PLLC; Mazie Slater Katz & Freeman, LLC; Bailey Kennedy, LLP; Strategic Legal Practices, APC; and Marquis Aurbach Coffing, as Class Counsel for the Settlement Class; and Albert H. Kirby of Sound Justice Law Group, PLLC and Matthew Mendelsohn of Mazie Slater Katz & Freeman, LLC, as Lead Class Counsel for the Settlement Class.

6. The Court finally designates Plaintiffs Jeremy Bauman and Bijan Razilou as the Class Representatives.

7. The Court makes the following findings and conclusions regarding notice to the Settlement Class:

    a. The Class Notice was disseminated to persons in the Settlement Class in accordance with the terms of the Settlement Agreement and the Class Notice and its dissemination were in compliance with the Court's Preliminary Approval Order;

    b. The Class Notice: (i) constituted the best practicable notice under the circumstances to potential Settlement Class Members, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, their right to object or to exclude themselves from the proposed Settlement, and their right to appear at the Final Approval Hearing, (iii) was reasonable and constituted due, adequate, and sufficient individual notice to all persons entitled to be provided with notice, and (iv) complied fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable law.

      c.      The Court finds that Defendants have complied with their notice obligations under the Class Action Fairness Act, 28 U.S.C. § 1715, in connection with the proposed Settlement.

8.      The Court finally approves the Settlement Agreement as fair, reasonable and adequate pursuant to Fed. R. Civ. P. 23(e). The terms and provisions of the Settlement Agreement, including all exhibits thereto, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Settlement Class Members.

9.      The Court approves the plan of distribution for the Cash Fund as set forth in the Settlement Agreement. The Settlement Administrator is ordered to comply with the terms of the Agreement with respect to distribution of Cash Fund.

10.      By incorporating the Agreement and its terms herein, this Court determines that this Final Approval Order complies in all respects with Federal Rule of Civil Procedure 65(d)(1).

11.      Class Counsel have moved pursuant to Fed. R. Civ. P. 23(h) and 52(a) for an award of attorneys' fees and reimbursement of expenses. Pursuant to Rules 23(h)(3) and 52(a) this Court makes the following findings of fact and conclusions of law:

      a.      that the Class Settlement confers substantial benefits on the Settlement Class Members;

      b.      that the value conferred on the Settlement Class is immediate and readily quantifiable;

      c.      that fourteen days (14) after Final Approval of the Settlement, the Ticket Codes shall be activated and Settlement Class Members will be able to use the Ticket Codes to

obtain the Ticket Compensation, which represents a significant portion of the damages that would be available to them were they to prevail in an individual action under the TCPA;

   d. that Class Counsel vigorously and effectively pursued the Settlement Class Members' claims before this Court in this complex case;

   e. that the Class Settlement was obtained as a direct result of Class Counsel's advocacy;

   f. that the Class Settlement was reached following extensive negotiation between Class Counsel and Counsel for Defendants, and was negotiated in good faith and in the absence of collusion; and

   g. that counsel who recover a common benefit for persons other than himself or his client is entitled to a reasonable attorneys' fee from the Settlement Fund as a whole. *See, e.g., Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980); *Blum v. Stenson*, 465 U.S. 866, 900 n.16 (1984).

12. Accordingly, Class Counsel are hereby awarded $668,320.10 for attorneys' fees and $101,679.90 in litigation expenses, including settlement administration costs, from the Cash Fund, which this Court finds to be fair and reasonable, and which amount shall be paid to Class Counsel from the Cash Fund in accordance with the terms of the Settlement Agreement. Class Counsel shall be responsible for allocating and shall allocate this award of attorneys' fees, costs, and expenses that are awarded amongst and between Class Counsel.

13. The Class Representatives, as identified in the Preliminary Approval Order, are hereby compensated in the amount of $15,000.00 each for their efforts in this case.

14. The terms of the Settlement Agreement and of this Final Approval Order, including all exhibits thereto, shall be forever binding in all pending and future lawsuits

maintained by the Plaintiffs and all other Settlement Class Members, and anyone claiming through them such as heirs, administrators, successors, and assigns.

15. The Releases, which are set forth in Section V of the Settlement Agreement and which are also set forth below, are expressly incorporated herein in all respects and are effective as of the date of this Order; and the Released Parties are fully, conclusively, irrevocably, forever, and finally released, relinquished, and discharged by the Settlement Class (except those Class Members who sent valid Exclusion Request) from all Released Claims.

a. In connection with the Releases in section V of the Settlement Agreement, and without expanding their scope in any way, Plaintiffs and each Settlement Class Member shall be deemed, as of the date of Final Approval, to have waived any and all provisions, rights, benefits conferred by Section 1542 of the California Civil Code, and any statute, rule and legal doctrine similar, comparable, or equivalent to California Civil Code Section 1542, which provides that:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

To the extent that anyone might argue that these principles of law are applicable -- notwithstanding that the Settling Parties have chosen California law to govern this Settlement Agreement – Plaintiffs hereby agree, and each Settlement Class Member will be deemed to agree, that the provisions of all such principles of law or similar federal or state laws, rights, rules, or legal principles are hereby knowingly and voluntarily waived, relinquished, and released. The Plaintiffs recognize, and each Settlement Class Member will be deemed to recognize, that, even if they may later discover facts in addition to or different from those which they now know or believe to be true, they fully, finally, and forever settle and release any and all

claims covered by these Releases upon entry of the Judgment.  The Settling Parties acknowledge that the foregoing Releases were bargained for and are a material element of the Agreement.  The California Civil Code Section 1542 release herein shall be expressly limited to claims arise out of or relate in any way to the sending of text messages (including but not limited to text messages sent using an "automatic telephone dialing system") for any purpose (including but not limited to advertising, marketing, or informational purposes), that have been, or could have been, brought in the Action, as well as any claims arising out of the same nucleus of operative facts as any of the claims asserted in the Action.

        b.        The Settlement Agreement and the Releases therein do not affect the rights of Settlement Class Members who timely and properly submit a Request for Exclusion from the Settlement in accordance with the requirements in Section III of this Settlement Agreement.

        c.        The administration and consummation of the Settlement as embodied in this Settlement Agreement shall be under the authority of the Court.  The Court shall retain jurisdiction to protect, preserve, and implement the Settlement Agreement, including, but not limited to, enforcement of the Releases contained in the Agreement.  The Court shall retain jurisdiction in order to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement Agreement.

Upon entry of the Final Approval Order and the Judgment: (i) the Settlement Agreement shall be the exclusive remedy for any and all Settlement Class Members, except those who have properly requested exclusion (opted out) in accordance with the terms and provisions of the Settlement Agreement; (ii) the Released Parties shall not be subject to liability or expense for any of the Released Claims to any Settlement Class Member(s) except as set forth in the

Settlement Agreement; and (iii) Settlement Class Members who have not opted out shall be permanently barred from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any action in any jurisdiction based on the Released Claims.

    d. Upon Final Approval, each member of the Settlement Class, including the Plaintiffs, shall, by operation of the Judgment, be deemed to have fully, conclusively, irrevocably, forever and finally released, relinquished, and discharged the Released Parties from any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, as of the date of Final Approval, that arise out of or relate in any way to the sending of text messages (including but not limited to text messages sent using an "automatic telephone dialing system") for any purpose (including but not limited to advertising, marketing, or informational purposes), that have been, or could have been, brought in the Action, as well as any claims arising out of the same nucleus of operative facts as any of the claims asserted in the Action.

    e. Nothing in the Settlement Agreement shall preclude any action to enforce the terms of the Settlement Agreement, including participation in any of the processes detailed therein. The Releases set forth therein are not intended to include the release of any rights or duties of the Settling Parties arising out of the Settlement Agreement, including the express warranties and covenants contained therein.

4844-0357-8786v.1 0104433-000001

16. The Court dismisses all Released Claims, with prejudice, without costs to any Party, except as expressly provided for in the Settlement Agreement.

17. This Order, the Judgment to be entered pursuant to this Order, and the Settlement Agreement (including the Exhibits thereto) may be filed in any action against or by any Released Party to support a defense of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

18. Without further order of the Court, the Settling Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement.

19. This Order and the Judgment to be entered pursuant to this Order shall be effective upon entry. In the event that this Order and/or the Judgment to be entered pursuant to this Order are reversed or vacated pursuant to a direct appeal in the Action or the Settlement Agreement is terminated pursuant to its terms, all orders entered and releases delivered in connection herewith shall be null and void.

IT IS SO ORDERED.

DATED this 30th day of June, 2020.

_____
RICHARD F. BOULWARE, II
United States District Judge

4844-0357-8786v.1 0104433-000001